## JOHN SOWER *v.* S. CUMMING.

**Assignments—Assignment of Note Secured by Lien.**

> An assignment of a note carries with it a mechanic's lien securing the debt, and the assignee must use due diligence to collect the debt with the means at hand.

APPEAL FROM OWEN CIRCUIT COURT.

December 16, 1872.

OPINION BY JUDGE PETERS:

On the 21st of October, 1870, Mary L. Riddle executed a note to John Sowers for $383, due one day thereafter. On the 22d of December, 1870, Sowers assigned said note for a valuable consideration to S. Cumming, who sued the obligor at the first term of the Owen Circuit Court on said note, recovered judgment, and upon which he caused execution to issue and be placed in the hands of

the sheriff of said county, which he returned endorsed no property found. The assignee then brought this action against the assignor of the note to recover the amount thereof.

The appellant resisted a recovery against him on two grounds set forth in his answer.

First. That appellee, after he recovered judgment against the obligor in the note, failed to sue out execution thereon within ten days after he obtained his judgment as he had a right to do, and did not use due and proper diligence to collect the same.

Second. And that when he assigned the note to appellee, he being a carpenter and house joiner, held a lien on a house and lot of the obligor, for the construction of the house on said lots situated in Owen County, as security for the note aforesaid, which was executed for the construction of the house, which lien was at the date of said assignment and for a long time thereafter, in full force and effect, which was well known to appellee when the assignment was made to him, which mechanic's lien passed by the assignment of the note to him; but that said lien had been lost by the failure of appellee to assert the same in due time by suit.

A demurrer was sustained to the answer, and appellant having failed to answer further, a judgment was rendered against him and he has appealed to this court.

The main question in the case arises upon the second paragraph of the answer.

The statute on the subject of mechanics' and material-men's liens provides that all persons performing labor, and furnishing materials for constructing, or repairing any building, or other structure within this commonwealth shall and may have a joint lien upon the buildings or other structure they may be employed to construct or repair, and the interest of the employer on any land on which such building or other structure may be constructed or repaired, or for which they may furnish materials, to the extent of the labor done, and materials furnished by them respectively, etc.

The foregoing, with a part of the 5th section, is all of the statute that it is deemed necessary to quote. The residue relates to the character of estates subject to the lien, the mode of enforcing it, and another class of persons whose interests are protected. The 5th section provides that any person or persons having a lien under this act may enforce the same by filing a petition in the circuit court or

chancery court, or any other court having like jurisdiction in the county where the property sought to be subjected, or a greater part thereof, is situated at any time within one year from the completion of the work, or furnishing the materials. All the persons having a lien may join in the petition against the employer and other persons having a lien. Myer's Supp., pages 300-306.

By an act approved March 17, 1870, the thirteenth section of the act referred to, limiting the provisions thereof to certain counties and cities therein specified, was repealed, and the remaining provisions of said act were extended to all the counties in the commonwealth. 1 Sess. Acts 1869-70, page 100.

By the assignment of the note to appellee, all the liens and equities that appellant then had to secure the payment of the debt with the right of action to enforce the same, passed to appellee. As was said by this court in *Morrison v. Glass,* 5 B. Monroe 240, a case analogous to this: "The whip was placed in his own hands by the assignment of the note; and he was bound to use it, not only in pursuing the obligor at law, but also in pursuing the equity which the assignment carried with it to his use before he had a right to turn on the assignor." The first paragraph was insufficient.

It results therefore that the court below erred in sustaining the demurrer to the second paragraph of the answer, consequently the judgment must be reversed and the cause remanded with directions to overrule the demurrer to said second paragraph, and to award a new trial and for further proceedings consistent herewith.

*Landrum, for appellant.*

*H. P. Montgomery, for appellee.*